UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA              :
                                      :
         - v -                        :        **22 Cr. 164 (RJD)**
                                      :
                                      :
THOMAS WELNICKI,                      :
         Defendant.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# THOMAS WELNICKI'S
# MOTION TO SEVER COUNTS FOR TRIAL


                                                   Deirdre von Dornum
                                                   FEDERAL DEFENDERS OF NEW YORK
                                                   One Pierrepont Plaza
                                                   Brooklyn, NY 11201
                                                   (718) 330-1210


TO:        BREON PEACE
             United States Attorney
             Eastern District of New York
             275 Cadman Plaza East
             Brooklyn, NY 11201
ATTN:    AUSA Nina Gupta
             AUSA Andres Palacio

## NOTICE OF MOTION

Defendant Thomas Welnicki hereby moves this Court, pursuant to Rules 8, 12, and 14 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the Constitution, for an Order severing Count One of the second superceding indictment – which was added yesterday evening -- from Count Two for trial.

## BACKGROUND

Thomas Welnicki was arrested on January 7, 2022, by the United States Secret Service and charged with having violated 18 U.S.C. § 879 by having knowingly and willfully threatened to kill, kidnap and inflict bodily harm upon Donald Trump in calls to the Secret Service made between September 24 and December 2, 2021. He was released that same day, on the consent of the government, on pretrial supervision. He has been in perfect compliance with the terms of his release. On April 8, 2022, Mr. Welnicki was indicted on a single count charging him with having violated 18 U.S.C. § 879 by having knowingly and willfully threatened to kill, kidnap and inflict bodily harm upon Donald Trump in calls to the Secret Service made between September 24 and December 2, 2021. This Court set the case down for trial to commence November 2, 2022.

The government produced discovery, pursuant to the defense's requests, on February 15, 2022, May 4, 2022, June 22, 2022, September 30, 2022, and October 4, 2022. This discovery included audio recordings of calls made to the offices of various members of Congress outside the time period of the Indictment, and

1

memoranda of investigation regarding those calls. It did not include full Rule 16 discovery as to the calls to the offices of Members of Congress. *See* ECF 38 (Def't Discovery Letter, dated October 21, 2022).

On October 3, 2022, the government brought a superceding indictment against Mr. Welnicki, charging the exact same conduct, but expanding the date range from September 24, 2021 to January 6, 2022.

The parties engaged in motion *in limine* practice beginning September 28, 2022. As relevant here, the government moved to introduce certain calls to the offices of Members of Congress either as direct evidence of the charged crime of threatening Donald Trump, or as 404(b) evidence of Mr. Welnicki's intent, motive, absence of mistake or lack of accident in threatening Donald Trump. ECF 22. The defense strongly opposed this motion on the grounds that (a) these calls were about other politicians to different recipients at a different time and do not fall within 18 U.S.C. § 879; (b) the government had not shown how these calls are relevant to Mr. Welnicki's intent or motive in making subsequent calls to the Secret Service about Donald Trump; and, (c) any probative value of these calls to the charge of threatening Donald Trump is substantially outweighed by their potential prejudice. ECF 33. The Court has not yet ruled on the *in limine* motions.

Yesterday evening, October 20, 2022, less than two weeks before trial and with no prior notice to defense counsel of any possibility of expanding the charged conduct in the indictment, the government brought a second superseding indictment, adding an entirely new charge as Count One: threatening to assault

2

and murder Members of the United States Congress, in violation of 18 U.S.C. § 115(a)(1)(B). ECF 37-1. The government stated in its cover letter to the Court that "[i]n light of this additional charge, the government's motion in limine evidence of the defendant's threats against Members of Congress as direct evidence of the crime charged, or in the alternative, as Rule 404(b) evidence, is moot." ECF 37, at 4. Count Two of the superceding indictment remains the same: violating 18 U.S.C. § 879 by threatening Donald Trump.

The new charge, Count One, has different elements than the crime of threatening to kill the former President. Specifically, it requires the specific intent to "impede, intimidate, or interfere with the official while engaged in the performance of official duties," or to "retaliate against such official on account of the performance of official duties." 18 U.S.C. § 115(a)(1)(B).

Moreover, it is the defense's understanding that this new charge was investigated by different law enforcement agencies than the charge of threatening Donald Trump was: specifically, the U.S. Capitol Police and the NYPD, rather than the Secret Service. Further, the alleged threats against Members of Congress were made prior to the alleged threats against Donald Trump.

The government wrote to the Court on October 20, 2022, enclosing the superceding indictment and stating that it has already produced Rule 16 discovery for this charge. To the contrary, the defense has not received anywhere near complete Rule 16 discovery for this new charge. The defense filed a discovery letter this morning requesting twelve specific items of Rule 16 discovery. *See* ECF 38.

3

The defense also has not had the opportunity to engage in any motion practice concerning the new charge. By contrast, the parties are prepared to proceed with trial of Count One as scheduled on November 2, 2022.

## ARGUMENT

This Court should sever Count One and Count Two because (1) they are misjoined under Rule 8 and (2) a severance is necessary to prevent substantial unfair prejudice to Mr. Welnicki under Rule 14 and the Fifth and Sixth Amendments to the U.S. Constitution.

**1. Count One and Count Two Are Misjoined.**

The Court should sever Count One and Count Two because they may not be joined in the same indictment under Rule 8(a) of the Federal Rules of Criminal Procedure. That rule provides:

> **(a) Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8. Rule 8, together with Rule 14, is designed "to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 131 n.6 (1968) (internal quotation marks omitted); see also United States v. Turoff, 853 F.2d 1037, 1042 (2d Cir. 1988); United States v. Page, 657 F.3d 126, 129 (2d Cir. 2011).

4

No common, direct evidence relates to both counts in the superceding indictment and, as discussed below, the evidence of one would not be admissible in a separate trial of the other. Joint proceedings would produce little in the way of efficiency. Instead, it would require having witnesses from multiple law enforcement agencies charged with protecting different individuals at different times testify; and, it would require the jury to apply different legal standards to superficially similar allegations, raising the risk of jury confusion.

Under Rule 8(a), "[j]oinder is proper where the same evidence may be used to prove each count, or if the counts have a sufficient logical connection." See United States v. Page, 657 F.3d 126, 129 (2d Cir. 2011) (internal quotation marks and citations omitted). The alleged threats against Members of Congress made on calls to their offices between July 2020 and July 2021 are not based on the same transaction nor parts of a common scheme or plan as the alleged threats against Donald Trump made on calls to the Secret Service between September 2021 and January 2022. Accordingly, the only possible basis for joinder under Rule 8(a) is the proposition that the alleged threats are "of the same or similar character." Fed. R. Crim. P. 8(a). Because this basis for joinder generally does not greatly improve trial efficiency, it is construed more narrowly than the other two prongs of Rule (8)(a). See United States v. Villanueva Madrid, 302 F. Supp.2d 187, 190 (S.D.N.Y. 2003) (citing United States v. Halper, 590 F. 2d 422, 430-31 (2d Cir. 1978)). "When all that can be said of two separate offenses is that they are of the 'same or similar character,' the customary justifications for joinder (efficiency and economy) largely

5

disappear." Halper, 590 F. 2d at 430; see also United States v. Harris, 805 F. Supp. 166, 182 (S.D.N.Y. 1992) (the "similar character" of charges is the weakest basis for joinder, while "the risk to the defendant of unfair prejudice, through confusion of the issues or cumulative use of evidence by the jury, is heightened").

The allegations underlying Count One and Count Two are too distinct in focus, recipient, and time to be joined under Rule 8(a). Cf. United States v. Tubol, 191 F.3d 88, 94–95 (2d Cir. 1999) (explaining that two robbery charges were misjoined where the robberies involved different methods and targets, even though the robberies took place in close geographical proximity within a six-week period and involved the use of a gun).

**2.    A joint trial would substantially prejudice Mr. Welnicki's defense.**

Even if the Court were to find the two counts in the second superceding indictment properly joined under Rule 8, it should order separate trials pursuant to Rule 14(a) because of the substantial unfair prejudice that will accrue to Mr. Welnicki as a result of trying the offenses together. Fed R. Crim. P. 14(a) ("If the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires."). See United States v. Sampson, 385 F. 3d 183, 190, 193 (2d Cir. 2004) (district court's denial of severance motion an abuse of discretion where defendant suffered substantial prejudice from joinder of charges).

First, evidence concerning the alleged threats against Members of Congress would be inadmissible in the trial of the alleged threats against Donald Trump, for all of the reasons set forth in the defense's opposition to the government's motion *in*

*limine* to admit this evidence as either direct evidence or Rule 404(b) evidence. ECF 33.

Here, the alleged threats against Members of Congress are neither proper direct evidence nor proper 404(b) evidence of the alleged threats against Donald Trump. Their only relevance is to suggest that Mr. Welnicki is the type of person who threatens politicians. And, even if the government could articulate some non-propensity purpose (which it has not been able to do in the briefing to date on the motions *in limine*), the danger of unfair prejudice would overwhelm whatever legitimate probative value the evidence may have, because the alleged threats to Members of Congress are substantially more inflammatory than the statements made to the Secret Service about Donald Trump and because of the likelihood that a jury would improperly impute intent from one set of statements to the other. The government should not be permitted to backdoor in this evidence that would not be permissible under Rule 404(b) and Rule 403through a last-minute superceder.

Second, the government's superceder fundamentally changes the trial from a straightforward one with one law enforcement agency (the Secret Service), one "target" (Donald Trump), one criminal statute (18 U.S.C. § 879), and more than adequate time for the defense to prepare to a muddied one with multiple law enforcement agencies (at the least, the Secret Service, the Capitol Police and the NYPD), multiple recipients of calls (the office of Senator Rand Paul, the office of Representative Tom McClintock, the office of Representative Charles Roy, the office of Senator Ronald Johnson, the office of Representative Greg Steube, and the office

7

of Senator Marco Rubio), a different criminal statute (18 U.S.C. § 115(a)(1)(B)) and the defense not having yet received even the bulk of the Rule 16 discovery. Further, each of the two counts charges multiple threats within a single count: seven separate calls focused on six different politicians are alleged in Count One and six separate calls focused on Donald Trump are alleged in Count Two. The jury will have to unanimously agree as to each count as to which statement, if any, is a "true threat," requiring the jury to parse through each of the 13 statements one by one and vote as to each. *Richardson v. United States*, 526 U.S. 813, 816 (1999) (explaining that unanimity was required in proving elements of an offense and requiring jury unanimity in respect to each individual "violation" that made up a "continuing series of violations"). Finally, while it is difficult to tell from discovery not yet received, it appears that there may be the need for additional motions *in limine* that apply to this new charge.

Because of the lack of any notice that this charge might be added, counsel has been focused entirely on the Section 879 charge and discovery and legal issues related thereto. Thus, the defense cannot be ready to effectively represent Mr. Welnicki at a trial of this new charge on November 2. But the defense is ready -- and Mr. Welnicki very much wishes -- to proceed with trial of the original charge on November 2. Granting separate trials would be consistent with the Federal Rules of Criminal Procedure and would protect Mr. Welnicki's Due Process and Right To Counsel rights.

## **CONCLUSION**

The Court should sever Count One from Count Two and hold the trial of only Count Two on November 2, 2022, as scheduled

Dated: Brooklyn, New York
October 21, 2022

                                             Respectfully submitted,

                                             /s/ Deirdre D. von Dornum
                                             Deirdre D. von Dornum
                                             Federal Defenders of New York
                                             (718) 330-1210